Good morning, Your Honors. Good morning. John Tedford for the appellant. Peter Mastan is Chapter 7 trustee for the Barron Estate. Can you keep your voice up? Sorry, Your Honor. Generally speaking, the rights and obligations of bankruptcy estates as well as creditors of those estates are determined as of the petition date, the date on which the debtor files for bankruptcy. This is embodied within a number of provisions of the Bankruptcy Code, most notably Section 502, and that is one of the sections that we're going to be talking about today. Section 502B says that when there's an objection to a claim, the court must allow the claim in the amount that's owed on the petition date, except to the extent that it is unenforceable. For purposes of today's appeal, you may assume that the trustee held a non-recourse claim against the Salamons' estate, against the Salamons, which means that if all we were to do is to look at Section 502B, we would conclude that on the petition date, to the extent that the claim was not secured by real property, it would be unenforceable. In a Chapter 7 case, the trustee would not be entitled to any claim for the deficiency. In a Chapter 12 case, which affects family farmers, that would be the case. In a 13 case, an individual reorganization, that would be the case. That's not the case in Chapter 11. And that's because, as part of an overall bundle of rights that Congress gave to debtors and to creditors as part of the enactment of the Bankruptcy Code in 1978, Congress determined the claims secured by property of the estate are to be allowed under Section 502B, as of the petition date, as if the claimant had recourse against the debtor, regardless of whether or not that's actually the case. There's only three exceptions that Congress determined, and Congress chose these exceptions on purpose. Congress says that the creditor is entitled to have its claim allowed as a recourse claim unless the creditor waives that right. That makes sense. And in the 1111B parlance, that's called the election. The other two exceptions are if the debtor, during the bankruptcy case, sells the property pursuant to Section 363 of the Bankruptcy Code. Why is that important? Because Congress also built in a protection for creditors that allows them to credit bid. That's 363H. That's why Congress specifically chose sales under 363B as the only type of sale that can occur during a bankruptcy case, which triggers the exception to what I call the recourse rule. The third exception to the recourse rule occurs when the debtor sells the property pursuant to a Chapter 11 plan. Why did Congress choose that exception? Again, because as part of 1129B, a creditor who objects to the plan is entitled to have its claim, is entitled to fair and reasonable treatment. And in the case of a sale, they have the right to credit bid under Section 363K. I know you argue Section 502 and 363 is your main focus here, but how do you distinguish the Tampa Bay case out of the Fifth Circuit that held that foreclosure sales rendered the Section 1111B inapplicable? The Tampa Bay case, virtually the entire case does not actually support this holding. The Tampa Bay case, what the court actually found when you look at the entire thing, is they found that a foreclosure sale is similar enough to a 363 sale that we should treat foreclosure sales the same way. And then after going through a long discussion about that, which, by the way, I don't think that holding would actually hold up under current Supreme Court jurisprudence and how the Supreme Court interprets the bankruptcy code, but no one's actually urging you to reach that conclusion here today, the actual main holding of Tampa Bay. So after Tampa Bay goes through this whole process where it decides that a foreclosure sale is essentially another exception to the recourse rule, it then, in a total of three sentences, in the penultimate paragraph, without any discussion, without any real statutory analysis, then just says, and oh, by the way, because there was a foreclosure sale,  actually, if that were its holding, the entire legal discussion that preceded it would be completely irrelevant. Because if you conclude that a foreclosure sale means that the creditor no longer holds a claim secured by a lien for property of the estate for purposes of 1111B, it doesn't matter whether one of the exceptions applies. So it may not hold, but it points in that direction pretty clearly. It does. In two sentences, essentially, without any analysis, it does say that. So the next court to come along has to build on the foundation. But actually it doesn't. Eight months later, the next court that comes along is the Wisconsin bankruptcy court in the national real estate case, also decided in 1989. It doesn't build on the foundation. I meant the next appellate court. But go ahead. Well, all right. Well, the thing is, there are no other appellate courts that have actually discussed this issue. We're in. This is your test. That's exactly right. We're in. The BAP had an opportunity, and in my view, the BAP punted. Because my problem with the BAP decision is not only, obviously, I'm disappointed with the result, but the BAP discussed the fact, discussed that in one paragraph the BAP says, well, the trustee makes this argument that Section 502B requires us to look at the petition date. But that's not what the cases say. And then they cite to the Tampa Bay case and the national real estate case, each of which devotes a total of three sentences. Well, here's my problem. Yes. Because your argument appears is that since the amount of the claim is fixed as of the date of the bankruptcy filing, that nothing ever changes as of that date. And that even though the property is gone, your rights all stay the same. That's what I don't understand. Well, Your Honor, it's not just the amount that's fixed. That's not the only thing that you look at. Your argument is that everything is fixed, so nothing ever changes. And that's my problem. It has to change during the course of the administration of the bankruptcy. It does not. The entitlement to the claim and whether or not the claim is entitled to allowance as a resource claim, as a recourse claim pursuant to 1111B, does not change. There may be some other things that change. There are plenty of other provisions of the Bankruptcy Code which actually do alter the rights and interests of debtors and creditors after the petition date. For example, Section 506 says that when you have an over-secured claim, that your claim will also include post-petition interest and everything like that. But your right to recourse depends on the existence of the lien, doesn't it? No. On the petition date, that is correct. The rights and interests of my client as the claimant were fixed as of the petition date. Did they have a claim on the petition date? Did the trustee have a claim secured by lien on property of the estate? Absolutely. There's no dispute as to that fact. Under Section 506B, the trustee was entitled to have that claim allowed as of the petition date and the amount that was owed on the petition date as if unless that claim was unenforceable, like I said, outside of the Chapter 11 context, you'd say that was unenforceable and therefore he wasn't entitled to a deficiency claim. But in the Chapter 11 context, where Congress has specifically gone out of its way to provide that secured creditors are entitled to recourse claims, regardless of whether or not they had recourse on the petition date, then the trustee was entitled to have his claim allowed as a recourse claim. It seems like the purpose of Section 1111B was to protect unsecured, non-recourse creditors from debtors who choose to retain the property for future appreciation while cashing out the creditors at the low present value. And so how is that purpose implicated here? Because the actual purpose is a little bit more basic than that. The purpose of Section 1111B combined with 1129B, which is the cram-down provision, is to ensure that a debtor does not take action by seeking, usually it's by seeking a valuation which impairs the secured creditor in a way that Congress determined as a policy matter was improper. So normally speaking, this comes up in the context of a valuation issue. Debtor files for bankruptcy, owns the property, ultimately wants to confirm a plan, and seeks a valuation from the bankruptcy court. And let's say the bankruptcy court determines that the property is worth $600 and the creditor is owed $1,000.  Do I want to elect to have my claim treated as a fully secured claim for the $1,000 and thus waive my deficiency claim? Or am I going to keep my deficiency claim and be paid under the plan and receive whatever treatment is being given to the unsecured creditors? Congress decided that the bargain that a Chapter 11 debtor has is the Chapter 11 has the power to retain property, absolutely. Chapter 11 debtor has the power to retain property, and many Chapter 11 debtors do. But the Chapter 11 debtor also has the power to sell property under 363B, has the power to sell property pursuant to a plan. And if the debtors exercise the power to sell their property during the case under 363, or exercises the power to sell the property through the plan, then and only then, absent the consent of the creditor, only in those types of sales does the creditor lose its right to have its claim allowed as a recourse claim. How did the trustee manage to fail to learn of or take action in response to the notice of foreclosure sale here? I don't think we got the notice of foreclosure. It's not a public notice in California? It's a record. Well, the first one is recorded. First one. So the lien holder records a notice of default, and then after a certain amount of time records a notice of sale. Publicly records. Publicly records. And then if the sale does not go through on that day, for example, if a bankruptcy gets filed staying the sale, at the actual on the courthouse steps, so to speak, they announce when the continued sale is to be. They never actually record when the next sale is going to occur. So the trustee needs to be there on the first shot? That's my question. If the trustee learns about it at all. And I'm not certain. Just because someone records something with the county recorder's office, of course, doesn't mean that everybody is given actual notice of it. And, in fact, in this case, one of the ironies of this case is that the foreclosure sale occurred, I think it was in March of 2014 or thereabout. Don't hold me to that. But whenever it was. And the debtor didn't even seem to know that it had occurred, because the debtor kept filing papers in the bankruptcy court indicating that there was going to be a foreclosure sale. And we kept trying to figure out when it was, and then we finally looked and we found that it had already occurred. The debtor had agreed to it. The debtor didn't care, but you would think that the debtor would know when the foreclosure sale had occurred. And my point is, these things are not as, like, the initial notice gets recorded. It's not necessarily served on everybody, you know, like a pleading or anything like that. And these things just happen. Your Honor, I have two minutes of my time. I'd like to reserve it if you don't mind. Good morning, Your Honors. Michael Totoro, may it please the Court. I represent the Solomons. We have to first look at all the things. Well, first of all, let's understand something. The trustee in this case is not the trustee of the Solomons property. It is a separate bankruptcy proceeding, and I don't want the term trustee to be construed in anybody's mind as being something special like it normally is for a trustee with all the fiduciary duties. As far as I'm concerned, Mr. Mastin is Wells Fargo. Okay? It's just a bank. He's holding the title. Now, the things that the trustee did not do, Mr. Mastin did not do, are did not object to the stipulation to remove the case to the foreclosure process, did not respond to the foreclosure process, did not sue the title company for the foreclosure process, did not take any action except in this proceeding. There were a number of different remedies available to Mr. Mastin as a creditor if he did not get notice. Now, as a practical matter, in California, there is a notice of sale that is sent out to everybody. He would have gotten that. He would not have gotten notice of the continued date. Sometimes they do that. Sometimes they don't. But he's on notice that there is a sale. So calendar it, look at the things, look at the real property questionnaires, you know, the real quest or whatever you look at, and you will find the foreclosure date. We didn't care because we had already agreed to it. But, again, there was no objection by the trustee to anything. Now, the other problem here is that this is a Chapter 11. This is not a Chapter 7 where everything is fixed on the day of filing. Even in a Chapter 13, the value is fixed on the date of filing. This is a Chapter 11. We are in a constant state of flux. We have to be able to reorganize. One of the things counsel did not mention that we have the ability to do is surrender the property. Now, whether we're surrendering the property for the benefit of the creditors or not, in the long run it is because it gives us more money to give to the other creditors. If they did not want us to surrender the property, then file an objection to the stipulation to lift the stay. And as far as a credit bid goes, sure, maybe they could under the trustee, I guess under state law you can't formally do a credit bid, but they certainly could have used their $300,000 as a bargaining point to refinance the property and pay the first lien holder in full. We're not bankruptcy experts, or at least speaking for myself, I'm not. But are you suggesting that this would be different if this were a Chapter 7 and that there would be recourse if this were a Chapter 7? It's possible. I mean, 502 still comes into play because it says that, well, remember, 502 only counts to the amount of the claim, not the status of the claim. Counsel has ignored that part. And it's the amount of the claim subject to any other applicable law. Well, the applicable law in this case is the anti-deficiency statute. And I don't know any court that would apply the bankruptcy statute to a state court proceeding under Stern v. Marshall. You're going to have to come back to state law eventually. And state law says that once the property was removed from the estate, all they had was an unsecured claim. And if they really thought they had a secured claim, why didn't they use their 1111B election right away? If they really thought the claim was secured at the date of the petition, they could have filed an 1111B election. I mean, we would have contested it, but it would have been some indication on their part that they really thought this was a secured claim. Well, BAP said that although Mastin's original proof of claim may have asserted a claim secured by liens on property of the state, as recognized in his filing, those liens were eliminated as a matter of law as a result of the foreclosure. Exactly. And you agree with that? I agree with that. And the other problem is that the debtor didn't sell the property. The bank sold the property. Okay? We didn't sell the property. So, again, if they didn't want us to turn the property over to the bank, say something. Don't just wait until two years later, two appeals and everything else, to say that. You were talking about credit bid. I just want to clarify, because as a junior lien holder, Mastin has a right to make a credit bid, right, in a 363 sale? In a 363 sale. I'm not sure. So the question is, didn't the foreclosure sale deprive him of that right? I don't think – well, I'm a little unclear under state law on this. According to counsel's papers, the state court trustee would not have entertained their bid as a credit bid. But that usually applies when you're trying to use your bid to apply it to the first mortgage. But I think they could have used their credit there if they would have come in and bid higher than the first mortgage. They would have gotten credit for their $300,000. But I don't think under state law, and I'm sure counsel will tell me later, whether they could have used that to reduce the first mortgage. I don't think they could have. I really don't think they could have. But the main point here is that by the time we get to the plan confirmation, we have an unsecured debt. And that unsecured debt is barred by the anti-deficiency clause. There are some cases that counsel has cited, like Brookfield and a few other ones. The difference between those cases is those cases the debtor elected to retain the property. When a debtor elects to retain the property, the creditors have a lot of different rights. Because then they file their 1111B election, and even if they're $1 secured, we can't bifurcate it because they're entitled to a full claim. But that doesn't apply when the property has been removed from the estate. And we can't have a decision that says everything is fixed on the date of filing because then we have no ability in a Chapter 11 to reorganize. Everything changes in a Chapter 11. Debtors' income changes, expenses change, properties change. Everything changes. I don't have anything else. Thank you. The rules actually provide that a stipulation for relief from stay is supposed to be granted only on full notice to creditors. In this case, they filed the stipulation, and Judge Smith entered it within two days. There was no opportunity to object. Even if we did want to object, I'm not sure that we would have because, in our view, 1111B applied. And as of the petition date, the trustee had a non-recourse or, I'm sorry, was entitled to have his claim allowed as a recourse claim. There is no court, as far as we could tell, who has ever done a true analysis of 1111B in this context. Tampa Bay has three sentences. The case that followed Tampa Bay had three sentences. BAP, I felt, failed to do it. You think that the BAP didn't analyze this, but we may disagree with you. Why not? Because it goes through your argument that the property of the state is a reference to the property that your argument that the claim has to be allowed as if you had recourse as of the date of the filing. When I read the BAP decision, what I see is the paragraph where it describes the fact that we pointed to Section 502B and argued that it needed to be on the day of the filing. Noticeably, the BAP did not mention the other argument, the other alternative argument, which also justifies reversal, which is that Congress specifically identified 363 sales and sales under the plan as the only exceptions to the recourse rule, and our argument that interpreting 1111B in the way that the debtors would have you actually writes out the 363 exception. I had argued to the BAP that if you agree with the debtors' interpretation, you need to be able to explain, please, to the BAP, how a debtor can sell property under Section 363B, at which point, indisputably, it is no longer a property of the estate, and yet 1111B still applies, even though the property is no longer a property of the estate, in order to get to the exception that Congress created. The only way to read 1111B in its entirety and to give effect to all of its words is to adopt the trustee's interpretation. The claim is to be determined aloud as a recourse claim on the petition date, and unless the debtor sells the property under 363 or sells the property pursuant to a plan, or unless the creditor elects otherwise, it is entitled to be a recourse claim. The debtor had an opportunity to do those things, chose not to, chose to stipulate with the Superior Court, chose to throw the trustee through the wolves, if you will, in order to subject him to a state court foreclosure sale, which is notorious for not bringing in full and complete value, which would have been achieved had the debtor done it right and had the debtor sold under 363 under a plan. I'd ask that the court reverse and remand with instructions to allow the trustee's claim. Thank you very much. Thank you both for your helpful arguments here today. The matter of Mastin v. Salomon is now submitted. That concludes our docket for today, so we will be adjourned. Thank you.
judges: Schroeder, Murguia, Davis